**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>CURT MICHAEL RANTA,<br>SSN:  xxx-xx-9140,<br><br><br>Debtor. | Case No. 23-13269-JGR<br>Chapter 7 |
| JEANNE Y. JAGOW, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA CHARLES, 4254 KEEVER LLC, a California limited liability company, 1770 NEWPORT LLC, a California limited liability company, 1757 BELMONT LLC, a California limited liability company, and CMR HOLDINGS, LLC, a California limited liability company,<br><br>Defendants. | Adv. Pro. No. 25-01202-JGR |

**ORDER GRANTING MOTION TO SET ASIDE CLERK'S ENTRIES OF DEFAULT**

THIS MATTER is before the Court on the Motion to Set Aside Clerk's Entries of Default Pursuant to Fed.R.Bankr.P. 7055 ("Motion to Set Aside Default"), filed by Defendants 4245 Keever LLC, 1770 Newport LLC, 1757 Belmont LLC, and CMR Holdings, LLC ("Corporate Defendants") (Doc. 37), the Objection thereto filed by Jeanne Y. Jagow ("Plaintiff") on February 16, 2026 (Doc. 38), and the Corporate Defendants' Reply filed on February 21, 2026 (Doc. 39).

**BACKGROUND**

On July 24, 2025, Plaintiff filed an Adversary Complaint under 11 U.S.C. §§ 548(a)(1)(A), (a)(1)(B), 550, and 544(b)(1) against the Corporate Defendants and Christina Charles ("Charles") (collectively "Defendants") (Doc 1).  Summonses were issued on the Defendants (Docs 2, 3, and 7) and on August 6, 2025, Plaintiff filed a Certificate of Service for the Summons and Complaint (Doc. 8).

On October 29, 2025, the Court entered an Order to Show Cause (Doc. 10) requiring Plaintiff to advance administration of the adversary proceeding by filing with the Court (a) a motion for entry of clerk's default, (b) a motion for issuance of an alias summons or (c) a written status report showing cause as to why this adversary proceeding should not be dismissed for failure to prosecute.

In response to the order, Plaintiff filed motions for entry of clerk's default against the Defendants on November 12, 2025. (Docs. 14, 15, 16, 17, and 19).

On November 17, 2025, Charles filed Defendant's Motion to Quash Service, Vacate Any Default, and Require Proper Service Under Rule 4(f) (Doc. 20).  The motion also sought to quash service on the Corporate Defendants.

On January 16, 2026, the Court entered an Order Regarding Defendants' Motion to Quash Service, Vacate Any Default, and Require Proper Service Under Rule 4(f) (Doc. 25).  The order found service of the summons and complaint on the Corporate Defendants complied with Fed.R.Bankr.P. 7004(b)(3), that the Corporate Defendants did not appear by counsel as required by L.B.R. 9010(e) and ordered clerk's entries of default be entered against the Corporate Defendants.  On January 21, 2026, the clerk's entries of default against the Corporate Defendants were entered (Docs. 28, 29, 30, and 31).  The Motion to Set Aside Default was filed 12 days later, on February 2, 2026.

## ANALYSIS

Default judgments are not favored in the Tenth Circuit because public policy dictates trying civil cases on their merits.  *Katzson Bros., Inc., v. E.P.A.,* 839 F.2d 1396, 1399 (10th Cir. 1988); *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970).  This policy provides parties with their day in court, resolves disputes based upon the applicable facts and law, and promotes public confidence in the federal judiciary.  However, "this judicial preference is counterbalanced by consideration of social goals, justice and expediency." *Gomes v. Williams,* 420 F.2d 1364, 1366, (10th Cir. 1970).  Here, the Court must strike the balance between honoring clerk's entries of default when parties have previously failed to defend and trying cases on their merits to reach the just result.

The Court may vacate a clerk's entry of default for good cause under Fed.R.Civ.P. 55(c), made applicable herein by Fed.R.Bankr.P. 7055.  The factors examined by the courts in evaluating the good cause standard are: (1) whether the default was willful, (2) whether setting it aside would prejudice the other party, and (3) whether there is a meritorious defense. *Pinson v. Equifax Credit Info. Serv., Inc., et al.,* 316 Fed Appx. 744, 750 (10th Cir. 2009).  The burden is on the moving party to demonstrate good cause. *See* 10 *Moore's Federal Practice – Civil,* § 55.70.  While the good cause standard is to be construed liberally, the court has discretion to consider each of the above factors, not consider any one of the factors, or consider other factors. *Guttman v. Silverberg,* 167 Fed. Appx. 1, 4 (10th Cir. 2005).

The first factor is whether the default was willful.  The Corporate Defendants argue that "the [m]ere failure to respond amid disputed service circumstances does not

2

constitute culpable conduct." Plaintiff responds that the Motion to Quash filed on December 1, 2025 (Doc. 23) put the Corporate Defendants on notice that they could not appear in the Bankruptcy Court without counsel, but they took no efforts to obtain counsel prior to filing the Motion to Set Aside Default, evidencing willful and culpable conduct.

The Court disagrees. The Motion to Set Aside Default was filed within 12 days of the clerk's entries of default, and within 17 days after the entry of the Court's order requiring the Corporate Defendants to retain counsel. The Court finds the Corporate Defendants acted promptly to set aside the defaults and that the failure to respond prior to the entry of the Court's January 16, 2026, order was not a willful or culpable failure to participate in the judicial process. Until the entry of the order, the Corporate Defendants' motion to quash service was pending. The first factor weighs in favor of granting the Motion to Set Aside Default.

The second factor is prejudice to the adverse party if the court vacates the entry of default. There will always be prejudice to an adverse party if a court vacates a clerk's entry of default. The cases hold that there must be identifiable prejudice to the plaintiff's ability to pursue its claim in a concrete way such as loss of evidence, increased difficulties of collection, and/or fraud or collusion. *Indigo Am., Inc., v. Big Impressions,* 597 F.3d 1, 4 (1st Cir. 2010); *Security Nat'l* at *3.

The Corporate Defendants state this adversary proceeding is in the initial stages, discovery has not been completed, and the delay is minimal. They further submit there has been no showing of tangible harm such as loss of evidence, unavailability of witnesses, or a concrete impairment of the Plaintiff's ability to prepare her case.

Plaintiff argues she has been prejudiced because Charles has absconded to Spain and the Corporate Defendants have not responded to the Complaint, evidencing a strategy of delay. However, attached to the Corporate Defendants' Reply is a proposed answer in response to the argument that the Corporate Defendants are delaying the progress of this adversary proceeding.

The Court concludes there is no identifiable prejudice to the Plaintiff. The second factor weighs in favor of granting the Motion to Set Aside Default.

The third factor is whether Defendant has a meritorious defense to the claims because if there is no meritorious defense, it makes little sense to set aside the entry of default. *Indigo,* 597 F.3d at 4. The Court must evaluate the facts set forth in the motion to set aside, and opposition, to determine if such facts, if they are true, would constitute a defense. *Security Nat'l* at *3. The movants do not have to establish likelihood of success on the merits. *Id.*

The Tenth Circuit has instructed the trial courts that, "[u]nlike the simple notice pleading required in original actions, the rule relating to relief from default judgments contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense. The rule requires a sufficient elaboration of

the facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *In re Stone,* 588 F.2d 1316, 1319 (10th Cir. 1978)(internal citations omitted).

Attached to the Reply is a declaration of Curt Ranta and a proposed answer. The declaration states the transfers related to 1757 Belmont LLC were a refinancing transaction. The declaration states that each of the Corporate Defendants maintained separate business activities and that there was no willful conduct involved with the failure to respond to the complaint. The proposed answer raises numerous affirmative defenses, including statutes of limitation, standing, reasonably equivalent value and ordinary course/legitimate business purpose.

The Corporate Defendants' proposed answer, if taken as true, establishes legally cognizable defenses and a meritorious defense. The third factor also weighs in favor of granting the Motion to Set Aside Default.

## CONCLUSION

The Corporate Defendants have established the failure to respond was not willful or culpable. The Corporate Defendants have shown that setting aside the clerk's entries of default will not result in tangible or identifiable prejudice to the Plaintiff. The Corporate Defendants' proposed answer and the declaration of Curt Ranta satisfy the third factor of presenting a meritorious defense. Therefore, it is

ORDERED that the Motion to Set Aside Clerk's Entries of Default Pursuant to Fed.R.Bankr.P. 7055, filed by Defendants 4245 Keever LLC, 1770 Newport LLC, 1757 Belmont LLC, and CMR Holdings, LLC (Doc. 37) is GRANTED. It is

FURTHER ORDERED Corporate Defendants 4245 Keever LLC, 1770 Newport LLC, 1757 Belmont LLC, and CMR Holdings, LLC are ordered to file an answer on or before **March 30, 2026.**

DATED: March 16, 2026.          FOR THE COURT:

Joseph G. Rosania, Jr.
United States Bankruptcy Judge

4