**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>CURT MICHAEL RANTA,<br>SSN: XXX-XX-9140<br><br>Debtor. | Case No. 23-13269-JGR<br>Chapter 7 |
| JEANNE Y. JAGOW, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINA CHARLES, 4254 KEEVER LLC, a California limited liability company, 1770 NEWPORT LLC, a California limited liability company, 1757 BELMONT LLC, a California limited liability company, and CMR HOLDINGS, LLC, a California limited liability company,<br><br>Defendants. | Adv. Pro. No. 25-01202-JGR |

**ORDER GRANTING DEFENDANT CHRISTINA CHARLES'S RENEWED MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

THIS MATTER is before the Court on Defendant Christina Charles's ("Charles") Renewed Motion to Set Aside Clerk's Entry of Default Pursuant to Fed.R.Civ.P. 55(c) and Fed.R.Bankr.P. 7055 and for Reconsideration of Interlocutory Order Pursuant to Fed.R.Civ.P. 54(b) filed on August 7, 2026 ("Renewed Motion") (Doc. 62); Plaintiff's Objection filed on August 25, 2026 ("Objection") (Doc. 66); and Defendant Christina Charles's Reply filed on September 1, 2026 ("Reply") (Doc. 71).

Default judgments are not favored in the Tenth Circuit because public policy dictates trying civil cases on their merits. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Katzson Bros., Inc., v. E.P.A.,* 839 F.2d 1396, 1399 (10th Cir. 1988). This policy provides parties with their day in court, resolves disputes based upon the applicable facts and law, and promotes public confidence in the federal judiciary. Here, the Court must strike a balance between honoring the clerk's entry of default when Charles

previously failed to defend and trying the case on its merits. The balancing of the factors is more problematic here given that this Court previously found that Charles's default was willful and culpable. Nevertheless, because Charles has now obtained counsel and provided a proposed answer, and due to the procedural posture of this case, the application of the Court's discretion finds the balance weighs in favor of granting the Renewed Motion and resolving this case on its merits.

## PROCEDURAL BACKGROUND[1]

Curt Michael Ranta ("Ranta") filed for Chapter 7 bankruptcy relief on July 25, 2023. Ranta and Charles are married. In his Amended Schedules and Amended Statement of Financial Affairs, Ranta disclosed 1% interests in real property commonly described as 16966 Rose Mallow Way, Parker, CO 90807; 4254 Keever Ave., Long Beach, CA 90807; 1757 Belmont Ave., Pasadena, CA 91103; and 1770 Newport Ave., Pasadena, CA 91103. The Amended Schedules disclosed 4254 Keever Ave. and 1757 Belmont Ave. were held by LLCs. Ranta also disclosed a 1% ownership interest in CMR Holdings, LLC.

Plaintiff, Jeanne Y. Jagow, was appointed to serve as the Chapter 7 Trustee in Ranta's bankruptcy case. Pursuant to 11 U.S.C. § 546(a)(1), the deadline to file avoidance actions was July 25, 2025.

On July 24, 2025, Plaintiff filed her Complaint against 4254 Keever LLC, 1770 Newport LLC, 1757 Belmont LLC, CMR Holdings, LLC ("Entity Defendants"), and Charles (Doc. 1). The Complaint raised seven claims for relief:

> The first claim for relief is solely against Charles for avoidance and recovery of fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(A) and 550, with respect to the real property located on Rose Mallow Way.
>
> The second claim for relief is against Charles and CMR Holdings LLC for avoidance and recovery of fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(A) and 550, with respect to the real property located on Keever Ave.
>
> The third claim for relief is against Charles and CMR Holdings, LLC for avoidance and recovery of fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(B) and 550, with respect to the real properties located on Rose Mallow Way and Keever Ave.
>
> The fourth claim for relief is against Charles and the Entity Defendants for fraudulent transfers under 11 U.S.C. §§ 544(b)(1) and 550, and C.R.S. §§ 38-8-105, 106, and 108, with respect to the real properties located on Rose Mallow Way, Keever Ave., Newport Ave., and Belmont Ave.

[1] The Procedural Background was previously set forth in the Court's Order Regarding Defendant's Motion to Set Aside Entry of Default entered on June 1, 2026 (Doc. 55) and expanded herein as appropriate.

> The fifth claim for relief is against Charles and the Entity Defendants for unjust enrichment and constructive trust.
>
> The sixth claim for relief is against Charles and the Entity Defendants for recovery of one and one-half times the value of the avoided transfers pursuant to 11 U.S.C. § 550(a) and C.R.S. § 38-8-108(c).
>
> The seventh claim for relief is against Charles and the Entity Defendants for civil conspiracy.

On the same day, the Clerk issued a Summons to be served on Charles and the Entity Defendants (Doc. 3). With respect to Charles, on August 6, 2025, Plaintiff filed a Certificate of Service indicating the Summons and Complaint were sent via Federal Express ("FedEx") to:

> Christina Charles (via FedEx)
> CALLE JOSE ALEGRE RUBIO 46
> 46183 LELIANA
> VALENCIAES SPAIN
> 46183

On October 29, 2025, the Court entered an Order to Show Cause (Doc. 10) requiring Plaintiff to advance administration of the adversary proceeding by filing with the Court (a) a motion for entry of clerk's default, (b) a motion for issuance of an alias summons or (c) a written status report showing cause as to why this adversary proceeding should not be dismissed for failure to prosecute.

In response to the Order, Plaintiff filed motions for entry of clerk's default against Charles and the Entity Defendants on November 12, 2025. (Docs. 14, 15, 16, 17, and 19).

On November 17, 2025, Charles filed Defendant's Motion to Quash Service, Vacate Any Default, and Require Proper Service Under Rule 4(f) (Doc. 20). On December 1, 2025, Plaintiff filed a response to the motion ("Response") (Doc. 23). The next day, on December 2, 2025, Charles filed a Reply (Doc. 24).

On January 16, 2026, the Court entered an Order Regarding Defendant's Motion to Quash Service, Vacate Any Default, and Require Proper Service Under Rule 4(f) (Doc. 25). In the order, the Court found Service of the Summons, Complaint, and Notice of Litigants to Charles did not comply with requirements of Fed.R.Civ.P. 4(f) because service was not accomplished in compliance with the Hague Convention; not accomplished using any form of mail that the clerk addressed and sent and that required a signed receipt; and that the method of service was not authorized by order of the Court. However, the Court found that Charles had actual knowledge of the pending adversary proceeding and was actively participating therein, as is evidenced by the filing of a Reply, the day after Plaintiff filed her Response.

The January 16, 2026 Order found service of the Summons and Complaint on the Entity Defendants complied with Fed.R.Bankr.P. 7004 and entered clerk's entries of default against each of the Entity Defendants.

Thereafter, an Alias Summons was issued (Doc. 26), which the Court (in the January 16, 2026 Order) authorized Plaintiff to effectuate service upon Charles pursuant to Fed.R.Civ.P. 4(f)(3), by delivering the Alias Summons, Complaint, and Notice to Litigants through FedEx, or other international delivery service provider, signed receipt requested but not required.

On January 30, 2026, Plaintiff filed a Certificate of Service evidencing the Alias Summons and Complaint were sent to Charles via FedEx (Doc. 36).

On February 2, 2026, the Entity Defendants, through attorney Neil Anthony Camera V of Camera Law, P.C. ("Camera"), filed a Motion to Set Aside Clerk's Entries of Default Pursuant to Fed.R.Bankr.P. 7055 (Doc. 37). After considering Plaintiff's Objection (Doc. 38) and the Entity Defendants' Reply (Doc. 39), the Court, on March 16, 2026, entered an Order Granting the Motion to Set Aside Clerk's Entries of Default ("Entity Defendants' Default Order") (Doc. 40).

On March 30, 2026, after the Entity Defendants filed an Answer, the Court issued an Order to Show Cause requiring Plaintiff to advance prosecution of the adversary proceeding with respect to Charles, by filing a status report, a motion for clerk's entry of default, or a motion for issuance of a pluries summons or before April 28, 2026 (Doc. 45).

On April 28, 2026, Plaintiff filed a Status Report (Doc. 47) indicating that delivery of the FedEx envelope was refused on February 4, 2026, that Plaintiff attempted to re-serve the FedEx envelope upon Charles on March 23, 2026, and it was again returned to Plaintiff's counsel. The Status Report renewed Plaintiff's request to enter clerk's default against Charles. A supplement to the Status Report was filed on May 4, 2026, to include an executed affidavit to accompany the Service Members Civil Relief Act of 2003 affidavit (Doc. 48).

On the morning of May 8, 2026, a Clerk's Entry of Default as to Defendant Christina Charles was entered by the Court (Doc. 49). Immediately thereafter, that afternoon, Charles filed a Response to Plaintiff's Status Report and Renewed Motion for Clerk's Entry of Default (Doc. 50).

On May 12, 2026, Charles filed her Defendant Christina Charles's Motion to Set Aside Clerk's Entry of Default Pursuant to Fed.R.Civ.P. 55(c) (Doc. 52) and Defendant Christina Charles's Amended Response to Plaintiff's Status Report and Renewed Motion for Entry of Clerk's Default (Doc. 53). Plaintiff filed an objection to the motion on May 22, 2026 (Doc. 54), and Charles filed a reply on June 1, 2026 (Doc. 55). Charles was representing herself at this stage of the proceeding.

On June 22, 2026, the Court entered its Order Regarding Defendant's Motion to Set Aside Clerk's Entry of Default ("June 22 Order") (Doc. 56), in which it denied the motion. The June 22 Order rejected Charles's argument that the Clerk's Entry of Default was premature, ruling that her reliance on the 14-day notice period set forth in L.B.R.

9013-1(a)(5)(A), which provides a presumptive response period of 14 days, was incorrect, noting that L.B.R. 9013-1(a)(2) only applies "[w]hen a statute, rule, or Court order requires 'notice and a hearing' or other similar phrase."

The June 22 Order also rejected Charles's argument that refusal of the FedEx package by an "unidentified" person at her residence prevented delivery and effective service of process. As a result, the Clerk's Entry of Default as to Defendant Christina Charles entered on May 8, 2026, remains in effect.

Approximately six weeks later, on August 7, 2026, Camera filed the Renewed Motion and entered an appearance on behalf of Charles. Camera has represented Charles herein beginning on August 7, 2026.

It is noteworthy that between June 22, 2026, and August 7, 2026, Plaintiff did not file a motion for default judgment against Charles pursuant to Fed.R.Civ.P. 55(b), as incorporated herein by Fed.R.Bankr.P. 7055 and L.B.R. 7055-1(b).

Plaintiff and the Entity Defendants filed a joint 7026 Report, which provided that in the event an order setting aside the clerk's entry of default against Charles was entered, the proposed discovery deadlines would apply to Charles without modification, such that her participation would not require any modification of the pre-trial schedule (Doc. 67, ¶ 17).

## ANALYSIS

Courts consider three factors to determine whether a clerk's entry of default should be set aside.

> The Court may vacate a clerk's entry of default for good cause under Fed.R.Civ.P. 55(c), made applicable herein by Fed.R.Bankr.P. 7055. The factors weighed by the courts in evaluating the good cause standard are: (1) whether the default was willful, (2) whether setting it aside would prejudice the other party, and (3) whether there is a meritorious defense. *Pinson v. Equifax Credit Info. Servs.*, 316 Fed. Appx. 744, 750 (10th Cir. 2009). The burden is on the moving party to demonstrate good cause. *See* 10 *Moore's Federal Practice — Civil*, § 55.70. The good cause standard is to be construed liberally and the court may consider each of the above factors, not consider any one of the factors, or consider other factors. *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. 2005).

*Harrington v. Neary (In re Neary)*, 634 B.R. 1074, 1076-77 (Bankr. D. Colo. 2021).

The June 22 Order found Charles's default was willful and culpable. "A defendant's conduct has been determined to be 'culpable' if he has received actual or constructive notice of the filing of the action and failed to answer." *Hunt v. Kling Motor Co.*, 841 F.

Supp. 1098, 1106 (D. Kan. 1994). As a result, the Court found the first factor weighed against vacating the clerk's entry of default.

The June 22 Order also found that the second factor, prejudice to the adverse party if the court vacates the entry of default, weighed against vacating the clerk's entry of default. The Court determined Charles's attempts to avoid service constituted a pattern of delay that was prejudicial to Plaintiff.

Finally, the June 22 Order found that since Charles presented no defenses to the claims made against her in the Adversary Proceeding, the third factor also weighed against vacating the clerk's entry of default.

In the Renewed Motion, Charles submits that material changes in circumstances have occurred since the entry of the June 22 Order. First, she is now represented by counsel and has submitted a proposed answer to the Complaint with the Renewed Motion. Second, she is no longer contesting proper service of the Complaint and prepared to fully comply with the Court's Rule 7016 Scheduling Order (Doc. 60).

Attached to the Renewed Motion is a declaration from Charles attesting that she never intended to ignore the Court, abandon any defenses, or delay the proceeding. Further, the affidavit states that she has retained counsel to represent her in the matter, reviewed the proposed Answer, and is fully committed to participating in the case.

The Renewed Motion argues Charles was not represented by counsel when she was contesting service. She argues that she promptly, and in good faith, contested the effectiveness of the service throughout the Adversary Proceeding. She argues it was not a willful or culpable failure to participate in the judicial process.

The Renewed Motion further argues that any delays associated with prior attempts to contest service have now been eliminated through the presentation of the proposed answer and submission to the jurisdiction of the bankruptcy court in this adversary proceeding. Charles contends her *mea culpa* negates the prior finding that the default was willful.

Charles asserts setting aside the default judgment would not result in an identifiable prejudice to the Plaintiff. She maintains that the claims asserted against her overlap with the claims asserted against the Entity Defendants as the Complaint can be characterized as attempting to set aside a "common transfer scheme." Charles contends letting the clerk's default stand creates the risk that she may face liability on claims the Entity Defendants may be able to successfully defend.

With respect to the third factor, Charles argues that her proposed answer raises meritorious defenses to the claims. She argues the defenses are both legal and factual and deserve to be resolved on the merits.

In response, Plaintiff recites the multiple attempts at service and Charles's continuous efforts to dodge service. Specifically, Plaintiff cites the Court's finding in the June 22 Order that Charles had engaged in a pattern of purposeful delay, and that her default was both "willful and culpable."

Based on the prior findings, Plaintiff argues the "law of the case doctrine" prevents Charles from relitigating the denial of the earlier motion to set aside the clerk's default. "The law of the case doctrine provides 'once a competent court rules on a question of law, that ruling is binding as to the legal issue between the same or substantially similar parties given the same material facts.' *In re Baker*, 188 B.R. 38, 40 (Bankr. D. Okla. 1988)."

In addition, Plaintiff disputes that allowing the clerk's default to stand would create a risk of inconsistent adjudication. Plaintiff argues the first claim for relief relating to Rose Mallow Way is asserted only against Charles and not the Entity Defendants and that, therefore, liability on that claim is independent from any defenses the Entity Defendants may raise. In other words, the risk of inconsistent judgments does not arise if liability is based on the first claim for relief for avoidance and recovery of fraudulent transfers relating to the Rose Mallow Property.

Finally, Plaintiff disputes that a meritorious defense has been raised through the submission of the proposed Answer. Plaintiff argues Charles merely recites alleged defenses based on conclusory statements without factual support.

In her reply, Charles argues the law of the case doctrine is discretionary and does not bar a court from reconsidering an earlier interlocutory order. Charles argues the record in the adversary proceeding prior to the entry of the June 22 Order did not consider meritorious defenses because Charles, representing herself, did not appreciate the necessity to present meritorious defenses when she sought to set aside the clerk's entry of default.

Attached to the reply was a supplemental declaration from Charles in which she attests that she understood the earlier rulings by the Court regarding service of process required physical delivery to her residence. She further states she never spoke to a delivery person from FedEx and denies that she refused delivery. She believed the deadline to respond to the Complaint would not start to run until physical service was accomplished. Charles accepts that she was mistaken in her legal understanding of service of process but denies she willfully or culpably failed to respond to the Complaint.

While recognizing the first claim for relief is asserted only against her, Charles argues that not allowing her to defend the Complaint on the merits creates a real risk of inconsistent adjudication. The remaining six claims for relief in the Complaint are asserted against both Charles and the Entity Defendants. The Entity Defendants are actively defending the claims on the merits and preventing Charles from having the same opportunity places her at risk of being liable on the claims even if the Entity Defendants successfully defend the claims.

Finally, Charles argues that this Court previously recognized the importance of the assertion of meritorious defenses by the Entity Defendants in setting aside clerk's entries of defaults against them.

The Court notes that in this stage of the litigation, the prejudice to the Plaintiff in setting aside the clerk's entry of default is somewhat mitigated by Plaintiff's failure to promptly seek default judgment against Charles after the entry of the clerk's default.

Moreover, since the Court's June 22 Order is interlocutory, the Court is not barred by the law of the case doctrine from reconsidering it at this stage in the proceeding.

Thus, it is necessary for the Court to address the three factors to consider whether good cause exists for setting aside the clerk's entry of default.

**1. Whether the Default was Willful**

The first factor weighs against granting the Renewed Motion. In its June 22 Order, the Court found Charles's default to be willful and culpable. Citing *Hunt v. Cling Motor Co.*, 841 F.Supp. 1098, 1106 (D. Kan. 1994), the Court determined Charles had actual knowledge of the adversary proceeding but failed to answer. The Court rejected Charles's arguments that technical defenses to service of process excused the failure to answer.

In the declaration attached to the Renewed Motion, Charles states she has a high school education, is not familiar with legal proceedings, and is primarily engaged in the parenting of her children. In the supplemental declaration attached to the reply, Charles reveals that she was relying on Ranta to monitor the bankruptcy proceedings and assist her with her legal positions. She argues that her ignorance of the process negates a finding that she was acting willfully or culpably.

The Court disagrees. Whether acting alone or orchestrating the litigation strategy with Ranta, the goal was to delay the prosecution of the claims contesting service of process on technical grounds such that this factor weighs against granting the Renewed Motion.

The primary reason the Court granted the motion of the Entity Defendants to vacate entries of clerk's defaults against them was that they retained counsel, acted promptly in moving to set aside the defaults, and submitted a proposed answer. This course of action evidenced they were not acting willfully or culpably in failing to participate in the judicial process.

**2. Whether Setting Aside the Default Would Prejudice the Other Parties**

In the June 22 Order, the Court found Charles's pattern of purposeful delay could constitute identifiable prejudice, which finding weighed against vacating the clerk's entry of default. In the Renewed Motion, Charles maintains any delays previously caused as a result of her mistaken belief that contesting service of process on technical grounds justified her failure to answer the Complaint are alleviated by her commitment to fully participate in the litigation, as evidenced by the retention of legal counsel to represent her in the adversary proceeding and submission to the jurisdiction of this Court.

In addition, the Court notes that the proposed discovery schedule presented to the Court by the Plaintiff and the Entity Defendants was designed to allow Charles to participate if the Court set aside the clerk's entry of default against Charles.

The Court finds Charles's commitment to fully participate in the litigation, the fact that the adversary proceeding is still in its beginning stages, and that the discovery schedule entered in the case allows for Charles's participation without further delay, mitigates the identifiable prejudice to the Plaintiff.

The Court finds the second factor weighs in favor of setting aside the clerk's default against Charles.

**3. Whether There Is a Meritorious Defense**

In the June 22 Order, the Court found that Charles failed to submit any defenses against the claims for relief set forth in the Complaint. The Renewed Motion attaches a proposed answer that raises defenses like those being advanced by the Entity Defendants.

In the Entity Defendants' Default Order, the Court found the proposed defenses were legally cognizable and presented a meritorious defense.

The Court finds the proposed answer attached to the Renewed Motion raises meritorious defenses to the claims raised in the Complaint and weighs in favor of setting aside the clerk's entry of default against Charles.

## CONCLUSION

The Court has considered the Renewed Motion, the Response, and Reply. The Court finds, in considering the above-three factors, the balance between honoring the clerk's default against Charles and trying the case on its merits weighs in favor of vacating the clerk's default. Six of the seven claims are asserted against Charles and the Entity Defendants. This Court believes disputes should be resolved on the merits. Default judgments are disfavored in the Tenth Circuit. Accordingly, it is

ORDERED that Defendant Christina Charles's Renewed Motion to Set Aside Clerk's Entry of Default Pursuant to Fed.R.Civ.P. 55(c) and Fed.R.Bankr.P. 7055 and for Reconsideration of Interlocutory Order Pursuant to Fed.R.Civ.P. 54(b) (Doc. 62) is hereby GRANTED. It is

FURTHER ORDERED that on or before **November 30, 2026,** Charles shall file her proposed answer with the Court.

Dated this 19th day of November, 2026.

BY THE COURT:

________________________________
Joseph G. Rosania, Jr.
United States Bankruptcy Judge